IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| STANLEY L. CRAWFORD, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 2:15-cv-00750-JAR |
| LVNV FUNDING, LLC, RESURGENT ) | |
| CAPITAL SERVICES, L.P., and PRA ) | |
| RECEIVABLES MANAGEMENT, LLC, ) | |
| ) | |
| Appellees. ) | |

## **MEMORANDUM OPINION**

This action is an appeal of the U.S. Bankruptcy Court for the Middle District of Alabama's decision and order granting a motion to dismiss an adversary proceeding as time-barred. Plaintiff-appellant, Stanley Crawford ("Crawford"), initiated that adversary proceeding by filing a complaint, which objected to a proof of claim, and further alleged a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p (2012). For the reasons stated below, the bankruptcy court's decision is affirmed.

## **BACKGROUND**

This case concerns a proof of claim for a debt that originated when Crawford made a purchase at a furniture store, Heilig-Meyers, sometime prior to February 28, 1999, after which Heilig-Meyers charged off the $2,037.99 debt. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) ("Crawford III"), cert. denied, 135 S. Ct. 1844 (2015); Compl.

Seeking Damages in Adversary Proceeding for Stay Violation & Fed. Laws ¶¶ 27, 29, DE[1] 1 ("Compl."). Sherman Acquisitions, a company affiliated with defendant-appellee LVNV Funding, LLC ("LVNV"), acquired this debt on September 18, 2001, Defs.' Mot. to Dismiss Pl.'s Adversary Proceeding as Barred by the Applicable Statute of Limitations 2, DE 48 ("Appellees MTD Br."), and "[t]he last transaction on the account occurred . . . on October 26, 2001." Crawford III, 758 F.3d at 1257; see also Compl. ¶¶ 24, 29, 31.

On February 2, 2008, Crawford filed for Chapter 13 bankruptcy, and on May 21, 2008, LVNV, through its account servicer, defendant-appellee Resurgent Capital Services, L.P. ("Resurgent"), filed a proof of claim ("proof of claim") with the bankruptcy court. Crawford v. LVNV Funding, LLC (In re Crawford), Ch. 13 Case No. 08-30192-DHW, Adv. Proc. No. 12-03033-DHW, 2015 WL 5735187, at *2 (Bankr. M.D. Ala. Sept. 29, 2015) ("Crawford IV"); Compl. ¶ 27. Crawford's plan was confirmed on October 20, 2008. Order Confirming Plan, Bankr. DE 43. LVNV transferred the claim to defendant-appellee PRA Receivables Management, LLC ("PRML") on September 4, 2010. Compl. ¶ 32.

On May 3, 2012, Crawford filed the instant adversary proceeding against LVNV, Resurgent, and PRML (collectively the "Appellees" or "Defendants"), in which he (1) "objects to the allowance of the Defendants' proof of claim" and (2) alleges that Appellees violated the FDCPA.[2] Crawford IV, 2015 WL 5735187, at *1. In the underlying bankruptcy, Crawford paid

---

[1] All references to "DE" refer to the docket entry number for the adversary proceeding, which is case number 12-03033, and is the subject of this appeal. All references to "Bankr. DE" refer to the underlying bankruptcy proceeding, which is case number 08-30192.

[2] Crawford also originally sought relief for an alleged violation of the automatic stay, Crawford IV, 2015 WL 5735187, at *1, but withdrew this claim at a hearing held on July 9, 2012. See Order Dismissing Adv. Pro. 1, DE 20.

$367.53 to PRML out of his wages.  See Ch. 13 Standing Trustee's Final Report & Account 2, Bankr. DE 87 ("Trustee's Final Report").

On June 4, 2012, LVNV filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the complaint in the adversary proceeding for failing to state a claim.  Defs.' Mot. to Dismiss Pl.'s Compl. Seeking Damages in Adv. Pro. for Stay Violation & Fed. Law, DE 5.  After the bankruptcy court sustained the motion and the district court affirmed, the U.S. Court of Appeals for the Eleventh Circuit reversed, ruling that knowingly filing a time-barred claim violates the FDCPA's plain language and so Crawford had stated a claim.  See Crawford III, 758 F.3d at 1262.[3]  On February 13, 2015, after remand, Appellees filed a motion to dismiss the adversary proceeding as time-barred under the FDCPA's one-year statute of limitations. Appellees MTD Br. at 27–28; see 15 U.S.C. § 1692k(d) (setting one-year statute of limitations). The bankruptcy court granted the Appellees' motion, rejecting Crawford's argument that his claim should be categorized as a counterclaim or recoupment, thereby exempting it from any statute of limitations.  See Crawford IV, 2015 WL 5735187, at *2–4; Pl.'s Opp'n to Mot. to Dismiss Filed by LVNV, Resurgent & PRML 4–10, DE 56.  The bankruptcy court ruled that an FDCPA claim is neither a compulsory counterclaim nor a claim in recoupment because it does "not arise out of the same transaction and occurrence."  Crawford IV, 2015 WL 5735187, at *2,

---

[3] On January 5, 2013, prior to the Eleventh Circuit's decision, the bankruptcy court entered an order granting Crawford discharge pursuant to 11 U.S.C. § 1328(a).  Discharge of Debtor After Completion of Ch. 13 Plan 1, Bankr. DE 86.  That discharge order extinguished Crawford's "legal obligation to pay a debt that is discharged" and noted that "[m]ost, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court . . . ."  Id. at 2.  The Chapter 13 trustee's final report listed the debt owed to PRML and indicated that Crawford had paid a total of $367.53 to PRML.  Trustee's Final Report at 2.  Thus, Crawford complied with the terms of his Chapter 13 plan and the debt at issue was discharged. See also Trustee's Summ. of Confirmed Ch. 13 Plan, Bankr. DE 41. The trustee was subsequently discharged and the underlying bankruptcy case closed on February 25, 2013. Order Discharging Standing Trustee, Releasing Bond Liability and Closing Case, Bankr. DE 88.

\*3. The bankruptcy court reasoned that Crawford's "FDCPA claim concerns the method of collecting the debt. It does not arise of out of the transaction creating the debt." Id. at \*2 (quoting Azar v. Hayter, 874 F. Supp. 1314, 1317 (N.D. Fla. 1995) aff'd, 66 F.3d 342 (11th Cir. 1995)). For this reason, the bankruptcy court sustained the motion and ruled that the "instant proceeding [was] due to be dismissed." Id. at \*4.

On appeal, Crawford challenges the bankruptcy court's holding "that the statute of limitations barred Crawford's claim[s]" and contends his claim is "a counterclaim or a claim in recoupment, and therefore not subject to the statute of limitations defense." Br. of Appellant 1, 10–18, ECF No. 8 ("Crawford Br."). Appellees respond that "Crawford's FDCPA claim is not one for recoupment" as it does not meet any of the three federal requirements. Br. of Appellee 7–16, ECF No. 9 ("Appellees Br."). They also argue that, at most, Crawford's claim is a permissive counterclaim, and no authority exists exempting permissive counterclaims from statutes of limitations. Id. at 16–20. Thus, they conclude that the bankruptcy court properly dismissed the entire adversary proceeding. Id. at 22.

## JURISDICTION AND STANDARD OF REVIEW

The bankruptcy court had jurisdiction pursuant to 28 U.S.C § 157. This court has jurisdiction pursuant to 28 U.S.C § 158(a) and "functions as an appellate court in reviewing the bankruptcy court's decision." Equitable Life Assurance Soc'y v. Sublett (In re Sublett), 895 F.2d 1381, 1383 (11th Cir. 1990). Thus, this court reviews legal conclusions de novo and factual findings for clear error. Id.; Goerg v. Parungao (In re Goerg), 930 F.2d 1563, 1566 (11th Cir. 1991). When reviewing an appeal of a successful motion to dismiss on the pleadings, the court accepts all of the plaintiffs' well-pleaded factual allegations as true and construes "those

allegations in the light most favorable to the plaintiff." Lopez v. First Union Nat'l Bank of Fla., 129 F.3d 1186, 1189 (11th Cir. 1997).

## DISCUSSION

### I. Objection to the Proof of Claim

Crawford argues, for the first time in his reply brief, that "the Bankruptcy Court erred in dismissing the adversary proceeding with Crawford's objection to LVNV's proof of claim pending before [it]." Reply Br. of Appellant 1, 10–12, ECF No. 10 ("Crawford Reply Br."). But, Crawford has waived any argument with regard to his objection to LVNV's proof of claim. See Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1351 n.11 (11th Cir. 2009) ("Because they raised this argument for the first time in their reply brief, we treat this argument as waived."); United States v. Evans, 473 F.3d 1115, 1120 (11th Cir. 2006) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court." (quoting Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005)). Crawford's opening brief makes only a cursory mention of his objection to the proof of claim,[4] and, importantly, Crawford never argues in that opening brief that the bankruptcy court erred by dismissing that claim. See generally Crawford Br. at 10–18. Crawford's superficial discussion of this argument in his opening brief is insufficient to properly preserve it. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without

---

[4] In a footnote under a section entitled "Statement of the Facts," Crawford notes that the bankruptcy court's opinion "ignores Crawford's First Count [regarding the objection to the proof of claim] in his adversary proceeding." See Crawford Br. at 9 n.2. He also mentions it again in the "Argument" section of his brief, but to note only that his objection to the claim was still "remaining." See id. at 10.

supporting arguments and authority."); see also Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) ("Mere mention in brief on appeal that district court was in error, absent any specific argument as to how . . . was insufficient to present the matter for adjudication on appeal." (citation omitted)).  Thus, this argument is deemed waived.

Indeed, this result is appropriate given the circumstances.  The bankruptcy court recognized that Crawford's objection to the proof of claim in Count 1 was based "on the fact that Defendants filed a time-barred proof of claim." Crawford IV, 2015 WL 5735187, at *1.  The court agrees that Crawford's primary objection to the proof of claim was that it was time-barred, see Compl. ¶¶ 35–51, but he failed to follow the appropriate procedures to raise such a challenge because he did not object to the proof of claim prior to plan confirmation.  The Eleventh Circuit has held that parties "lo[ose] their right to object to [a creditor's] claim when the bankruptcy court confirm[s] the plan." Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II), 898 F.2d 1544, 1553 (11th Cir. 1990) (noting that the objection to the proof of claim was that the creditor's "claim was not a proper and allowable claim" because it was misclassified); accord Universal Am. Mortg. Co. v. Bateman (In re Bateman), 331 F.3d 821, 827 (11th Cir. 2003) ("Although § 502(a) does not provide for a time limit to file an objection, it must be filed prior to plan confirmation.").  Crawford should have raised any such objection and sought disallowance prior to plan confirmation, which he failed to do, and allowing him to maintain such a claim now would defeat "the 'finality' objective of the confirmation process." See In re Starling, 251 B.R. 908, 910 (Bankr. S.D. Fla. 2000).  Prior to filing the adversary proceeding, Crawford had already complied with the relevant terms of the Chapter 13 plan by paying $367.53 to PRML.  See Crawford Reply Br. at 3.  The bankruptcy court ultimately closed the case on February 25, 2013.  Certainly, at this point finality would not be served by allowing Crawford to maintain this

challenge, where the plan was confirmed in October 2008, and Crawford waited more than three years, until May 2012, to bring the instant adversary proceeding objecting to the proof of claim.

## II. Fair Debt Collection Practices Act Claim

Crawford argues that his adversary proceeding is either "a counterclaim or a claim in recoupment, and therefore not subject to the statute of limitations defense" because filing a proof of claim is analogous to the filing of a complaint in a civil action and thus he should be viewed "procedurally . . . as the defendant in the case, having answered with a . . . counterclaim." Crawford Br. at 1, 10–18. Appellees respond that, under federal law, Crawford's FDCPA claim is neither a claim in recoupment nor a compulsory counterclaim, comparing it instead to a permissive counterclaim. Appellees Br. at 7–20. Thus, Appellees argue that the FDCPA claim is barred by the one-year statute of limitations and the bankruptcy judge properly dismissed Crawford's entire adversary proceeding. Id. at 20–22.

The FDCPA's statute of limitations provides that "an action . . . may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Crawford argues that the FDCPA's statute of limitations does not apply because his adversary proceeding is either a compulsory counterclaim or a claim in recoupment.[5] See, e.g., Beach v. Ocwen Fed. Bank, 523 U.S. 410, 415 (1998) (recognizing that a claim in recoupment generally "survives the expiration of the period provided by a statute of limitation"); Bull v. United States, 295 U.S. 247, 262 (1935) ("[R]ecoupment . . . is never barred by the statute of limitations so long as the main action itself is timely"); Burlington Indus., Inc. v. Milliken & Co., 690 F.2d 380, 389 (4th Cir.

---

[5] Crawford does not contest that, if the FDCPA's one-year statute of limitations applied, his claims would be time-barred, and indeed that appears correct. Crawford filed the instant adversary proceeding on May 3, 2012. See Compl. It is uncontested that Appellees' conduct that gave rise to this adversary proceeding occurred several years prior to that, with the filing of their proof of claim on May 21, 2008. Crawford IV, 2015 WL 5735187, at *2.

1982) (holding that the filing of plaintiff's action tolls the statute of limitations for a compulsory counterclaim).

A compulsory counterclaim is one that "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim[.]"  Fed. R. Civ. P. 13(a)(1)(A); see Fed. R. Bankr. P. 7013 (applying Federal Rule of Civil Procedure 13 to adversary proceedings).  The "logical relation" test is used to determine if a counterclaim is compulsory, i.e., arises out of the same transaction as the opponent's claim.  Revere Copper & Brass Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 714 (5th Cir. 1970)[6] ("[A] counterclaim is compulsory if it bears a 'logical relationship' to an opposing party's claim."); see also Republic Health Corp. v. Lifemark Hosps. of Fla., Inc., 755 F.2d 1453, 1455 (11th Cir. 1985) (adhering to the logical relationship test).  "[A] logical relationship [exists] when 'the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.'"  Republic Health Corp., 755 F.2d at 1455 (quoting Plant v. Blazer Fin. Servs., Inc., 598 F.2d 1357, 1361 (5th Cir. 1979) (utilizing the term "aggregate of operative facts").

Similarly, the Eleventh Circuit has applied a three-part test for determining if a claim qualifies as one in recoupment:  (1) whether the counterclaim arose out of the "same transaction" as the original claim; (2), whether it was asserted as a defense; and (3) whether the original claim was itself timely.  Smith v. Am. Fin. Sys., Inc., (In re Smith), 737 F.2d 1549, 1553 (11th Cir. 1984); see also Frederick v. United States, 386 F.2d 481, 488 (5th Cir. 1967) (restricting "maters

---

[6] The Eleventh Circuit has adopted "decisions of the United States Court of Appeals for the Fifth Circuit . . . handed down by that court prior to the close of business on [September 30, 1981], . . . as [binding] precedent in the Eleventh Circuit."  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[sic] in recoupment" to those matters "arising out of the same transaction or occurrence"). In analyzing the first part of the recoupment test, courts have applied the logical relationship test described above. See United States v. Amtreco, Inc., 790 F. Supp. 1576, 1579–80, 1582 (M.D. Ga. 1992) (applying the logical relationship test to determine whether a claim in recoupment arises out of the "same transaction or occurrence"); Vari-Build, Inc. v. City of Reno, 622 F. Supp. 97, 100 (D. Nev. 1985) (same).

Crawford's FDCPA claim is not a compulsory counterclaim nor a claim in recoupment because it does not arise out of the same transaction as the Appellees' proof of claim. The court finds Azar, which the Eleventh Circuit affirmed, instructive. See 874 F. Supp. at 1317 (analyzing whether a similar FDCPA claim "ar[o]se out of the transaction creating the [underlying] debt"). In that case, after sending Azar a dunning letter, a company filed a state court action against him for past due amounts. Id. at 1316. After that case was resolved in state court, Azar filed an FDCPA claim in federal court against the company and its executive for allegedly violating the statute's restrictions governing dunning letters. Id. at 1316–17. The district court rejected the defendant company's argument that the FDCPA claim should have been filed in the state court case because it was a compulsory counterclaim to the unpaid debt, reasoning instead that the "an FDCPA claim concerns the method of collecting the debt. It does not rise out of the same transaction creating the debt[.]" Id. Similarly, in Peterson v. United Accounts, Inc., a debt collection agency, brought a suit in state court to collect a debt owed by Peterson. 638 F.2d 1134, 1135 (8th Cir. 1981). The Petersons filed an FDCPA claim in federal court arguing that the agency violated § 1692g by failing to send proper written notice and violated § 1692f(1) by using "unfair means to collect an amount not permitted by law." Id. The district court held that such a complaint was a compulsory counterclaim to the debt collection

claim filed in state court.  Id.  The Eighth Circuit disagreed, determining that "[w]hile the debt claim and the FDCPA counterclaim raised here may, in a technical sense, arise from the same loan transaction, the two claims bear no logical relation to one another."  Id. at 1137.  "[T]he circumstances giving rise to the original debt are separate and distinct from the collection activities . . . ."  Id.

   Here, Crawford's FDCPA claim did not arise out of the same aggregate of operative facts, specifically the actions that vested the Appellees with the debt.  Appellees' proof of claim arose out of Crawford's buying of furniture on credit and the acquisition of that debt by Appellees, but Crawford's FDCPA claim arose out of the credit account activity and the Appellees' knowledge at the time of filing a proof of claim.  Crawford himself concedes that "the filing of the offending proof of claim was the operative transaction or occurrence giving rise to Crawford's adversary proceeding."  Crawford Reply Br. at 8.  As in Peterson, Crawford alleges a violation of § 1692f(1), and although there is "some overlap of issues," that does not mean his FDCPA claim arose from the same transaction.  See Peterson, 638 F.2d at 1135, 1137; Compl. at ¶ 61.  Thus, Crawford's FDCPA claim does not rise out of the same transaction as and is "not logically related" to Appellee's proof of claim.[7]  See Peterson, 638 F.2d at 1137; accord

---

[7] Crawford also contests the bankruptcy court's reliance on Gurganus v. Recovery Sys. Mgmt. Sys. Corp. (In re Gurganus), Ch. 13 No. 13-70114-BGC-13, Adv. No. 14-70054, 2015 WL 65089, at *3–4, *5 (Bankr. N.D. Ala. Jan. 5, 2015) (holding that, although a Truth in Lending Act ("TILA") claim may be considered a counterclaim, the FDCPA does not provide for such a possibility), as overly limiting the right of recoupment in FDCPA contexts.  Crawford Br. at 13.  The court in In re Gurganus reached this conclusion by reasoning that TILA's recoupment savings clause, which preserves actions in recoupment made under TILA as not time-barred, creates a basis for TILA to be used as a counterclaim, but reasoning that the FDCPA does not create the same counterclaim possibility where that statue does not contain a corresponding recoupment savings clause.  See 2015 WL 65089, at *4–5.  The court need not decide whether the FDCPA generally provides a recoupment counterclaim possibility because, as discussed, Crawford has not demonstrated that his claim arises out of the same transaction or occurrence as
(continued . . .)

Azar, 874 F. Supp. at 1317; see also Roban v. Marinosci Law Grp., 34 F. Supp. 3d 1252, 1256 (S.D. Fla. 2014) (determining that an FDCPA claim against a company for knowingly filing a time-barred foreclosure action was not a compulsory counterclaim to the foreclosure action because the "FDCPA claim [was] not logically related to the state court foreclosure action"); Hunt v. 21st Mortg. Corp., No. 2:12-cv-381-RDP, 2012 WL 3903783, at *3–4 (N.D. Ala. Sept. 7, 2012) ("[T]he manner in which [the company] has attempted to collect the debt does not concern whether a valid contract exists between the parties"). Crawford's FDCPA claim, therefore, is not a compulsory counterclaim nor a claim in recoupment.

Assuming arguendo that Crawford's adversary proceeding does arise out of the same transaction or occurrence as the proof of claim, it still cannot be considered a claim in recoupment because it also fails the second part of the recoupment test. Rather than asserting his claim defensively, Crawford waited more than three years after the bankruptcy court confirmed the plan to file the instant action, and he is now seeking affirmative relief in the form of statutory damages on his claim. Compl. at 9–10. Thus, the essential nature of Crawford's adversary proceeding appears to be a suit for affirmative relief and not a counterclaim asserted defensively. See In re Smith, 737 F.2d at 1550, 1554 (determining that the debtor was "now attempting to assert her time-barred affirmative claim as a counterclaim; this change of labels [did] not effect a change in the essential character of the action" which was a suit for affirmative relief and not a defense). Although the Fifth Circuit in Coxson v. Commonwealth Mortgage Co. of America, L.P. (In re Coxson), 43 F.3d 189, 189, 194 (5th Cir. 1995), has stated that a Truth in Lending Act

---

the proof of claim. Thus, even if the FDCPA may be asserted as a counterclaim in some circumstances, Crawford's claim cannot meet the definition of a claim in recoupment or a compulsory counterclaim, such that it would toll the statute of limitations.

11

("TILA") claim in recoupment may be raised defensively in some instances even when it was asserted in an adversary proceeding, the claim there arose from the same transaction or occurrence as the proof of claim because the debtors argued that "the loan documents violated [TILA]." Crawford's adversary proceeding, which was brought years after the proof of claim was allowed, is not a challenge to the underlying debt for which the proof of claim was filed. To now permit the FDCPA claim as a claim in recoupment against an allowed proof of claim, on which payments had been made pursuant to a confirmed plan prior to the filing of the adversary proceeding, see Crawford Reply Br. at 3, and to which Crawford failed to object or make any FDCPA-related defensive assertion prior to plan confirmation, would defeat the purpose of the limited recoupment exception to the bar of the statute of limitations. As discussed, Crawford had nearly five months between the filing of the proof of claim and the confirmation of the plan to make an FDCPA-related challenge to the proof of claim. Furthermore, there is no record of Crawford attempting to delay the benefit of discharge or stop the payments pursuant to his Chapter 13 plan even after filing the instant adversary proceeding. Indeed, Crawford has now been discharged of the legal obligation to pay the underlying debt on which Appellees' proof of claim was based, see Order Discharging Standing Trustee, Releasing Bond Liability and Closing Case, Bankr. DE 88, such that there is no longer a related claim that could give rise to a claim in recoupment.[8]

Crawford's further attempt to characterize his claim as a setoff, rather than a compulsory counterclaim or claim in recoupment, also fails. See Crawford Reply Br. at 6–7. This contention

---

[8] Although it is clear that both Defendants' proof of claim and Crawford's adversary proceeding are untimely and stale, the court need not decide whether the third prong, i.e., that the main action be timely, has any bearing here. See In re Smith, 737 F.2d at 1554.

does not further his argument because setoffs are more akin to permissive counterclaims. See Ashland Petroleum Co. v. Appel (In re B & L Oil Co.), 782 F.2d 155, 157 (10th Cir. 1986) (recognizing the importance of distinctions between recoupment and setoff in the bankruptcy context). Compare Howard Johnson, Inc. of Fla. v. Tucker, 157 F.2d 959, 961 (5th Cir. 1946) ("[S]etoff is a counter demand which a defendant holds against a plaintiff arising out of a transaction extrinsic of plaintiff's cause of action." (emphasis added)), with Revere Copper & Brass Inc., 426 F.2d at 714 ("[P]ermissive counterclaim under Rule 13(b) requires an independent ground of federal jurisdiction since it does not arise out of the same transaction or occurrence as the original claim[.]"). And, a statute of limitations for permissive counterclaims generally is not tolled by the filing of the initial cause of action. See Emp'rs Ins. of Wausau v. United States, 764 F.2d 1572, 1576 (Fed. Cir. 1985) ("[A] permissive counterclaim does not generate a like tolling period."); Bonilla v. Trebol Motors Corp., 913 F. Supp. 655, 660 (D.P.R. 1995) ("In general, the institution of plaintiff's suit would toll the statute of limitations for a compulsory counterclaim, but not for a permissive counterclaim." (internal citation omitted)).[9] As mentioned above, Crawford filed his adversary proceeding significantly more than one year

---

[9] Crawford cites 11 U.S.C. § 553 as the basis to argue setoff, but that section speaks to a creditor's right of setoff. Crawford Reply Br. at 6–7. It merely preserves rights of setoff under substantive state law. See B.F. Goodrich Emps. Fed. Credit Union v. Patterson (In re Patterson), 967 F.2d. 505, 508–09 (11th Cir. 1992). Some courts have held that a debtor's right of setoff, as established by state law, is also preserved under different provisions of the Bankruptcy Code. See, e.g., White v. Coors Distrib. Co. (In re White), 260 B.R. 871, 883 (B.A.P. 8th Cir. 2007) ("A debtor's right of setoff is established under state law and [Section] 502 of the Bankruptcy Code." (quoting In re R. Bastyr & Assoc., Inc., 81 B.R. 978, 981 n.10 (Bankr. D. Minn. 1988))). Regardless, even if the setoff right is a right that is created by state law and even if state law rules of procedure apply to Crawford's setoff claim, the same reasoning applies under Alabama law, which also recognizes that permissive counterclaims are subject to a statute of limitations. See Romar Dev. Co. v. Gulf View Mgmt. Corp., 644 So.2d 462, 470, 473 (Ala. 1994) (recognizing that "compulsory counterclaims for money damages are not subject to statutes of limitations . . . . A permissive counterclaim is [still] subject to the statute of limitations defense . . .").

after the cause of action accrued.  Therefore, Crawford's FDCPA claim is barred by the FDCPA's statute of limitation.  Cf. Hansen v. Resurgent Capital Servs., L.P., No. 8:15-cv-00426-27TBM, 2015 WL 3652838, at *3 (M.D. Fla. Jun. 11, 2015) (upholding a motion to dismiss an FDCPA claim, based on the filing of a time-barred proof of claim, as being barred by the statute of limitations).

## CONCLUSION

For the foregoing reasons, Crawford's adversary proceeding was properly dismissed and, therefore, the bankruptcy court's ruling is affirmed.  Judgment will enter accordingly.

    /s/ Jane A. Restani
Jane A. Restani
Judge

Dated: August 9, 2016
       New York, New York